IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 612-018-15 |
| | * | |
| ERVIN WALKER, JR. | * | |

**O R D E R**

On December 20, 2019, Defendant Ervin Walker, Jr., filed a motion to reduce his sentence pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The Government has filed a response in opposition.

Section 404 of the First Step Act is the only provision that applies retroactively to defendants who have already been sentenced. Section 404 allows for a reduction of sentence based on the revised *statutory* penalties of the Fair Sentencing Act of 2010, if such reduction was not previously granted. In other words, Section 404 of the First Step Act allows a court to reduce a previously imposed sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Here, Defendant was sentenced on July 30, 2013, at which time the provisions of the Fair Sentencing Act of 2010 were already in effect. Thus, because Defendant was accorded any benefit under the Fair Sentencing Act at the time of sentencing

in 2013, the First Step Act has no application here. See, e.g., Howard v. United States, 2019 WL 4491319, at *1 (11th Cir. Aug. 8, 2019) (noting that the petitioner's attempt to assert a First Step Act claim was futile because he had been sentenced in 2014 and had therefore received the benefit of any reduced penalties under the Fair Sentencing Act of 2010). Moreover, the Fair Sentencing Act of 2010 did not modify the statutory penalties under Defendant's offense of conviction, i.e., 21 U.S.C. § 841(b)(1)(C).

Upon the foregoing, Defendant's motion for relief under the First Step Act (doc. 1390) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 9th day of January, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA