IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 612-018-15 |
| | * | |
| ERVIN WALKER, JR. | * | |

**O R D E R**

Defendant Ervin Walker, Jr. has filed a motion to reduce sentence based upon Amendment 821 to the United States Sentencing Guidelines. A federal court may modify a sentence if the defendant's sentencing range has been subsequently lowered by the Sentencing Commission, after consideration of the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(2).

At sentencing, it was determined that Walker had a total offense level of 29. Under U.S.S.G. § 4A1.1, his criminal history score of 10 was increased by two "status points" because he had committed this federal offense while under a criminal justice sentence. A criminal history score of 12 produces a criminal history category of V. However, because Walker was determined to be a career offender under U.S.S.G. § 4B1.1,[1] his criminal history

---

[1] Walker had two prior controlled substance convictions – one for possession of cocaine with intent to distribute and one for sale of cocaine.

category became VI. With an offense level of 29 and a criminal history category of VI, Walker's guideline range was 151 to 188 months; he was sentenced to serve 188 months imprisonment.

Amendment 821 to the Sentencing Guidelines provides a retroactive adjustment for certain offenders whose criminal history was impacted by "status points" under U.S.S.G. § 4A1.1. Under the amended U.S.S.G. § 4A1.1(e), Walker would receive only one status point. Thus, his criminal history score would fall from 12 to 11 upon retroactive application of Amendment 821 to U.S.S.G. § 4A1.1. Even so, Walker's criminal history category was determined to be VI because he is a career offender under U.S.S.G. § 4B1.1, not because of his criminal history score. So, the reduction in his total criminal history score to 11 does not change his criminal history category of VI, and thus, his guideline range would not be affected by Amendment 821. For this reason, Walker's motion to reduce sentence upon application of Amendment 821 (doc. 1520) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 17th day of March, 2025.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA